IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SCOTT A. SNOECK, | CV 16-116-GF-JTJ |
| Plaintiff, | **ORDER REMANDING FOR FURTHER PROCEEDINGS** |
| vs. | |
| NANCY BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.  SYNOPSIS

Scott A. Snoeck (Mr. Snoeck) brings this action under 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of the Social Security Administration's (Commissioner) decision denying his application for disability insurance benefits and supplemental security income.  Mr. Snoeck filed his applications for disability insurance benefits and supplemental security income on September 22, 2009, alleging a disability onset date of September 3, 2009.  (Doc. 14 at 47-49)  Mr. Snoeck claims that he is disabled due to "Bipolar, schizophrenia, anxiety and back pain"  (*Id*. at 68)

1

Mr. Snoeck's claim was denied initially and on reconsideration, and he filed a timely request for a hearing before an Administrative Law Judge (ALJ). (*Id.* at 59-60.) The ALJ conducted a hearing on May 19, 2011. (*Id.* at 478-557) Mr. Snoeck appeared at the hearing with counsel. (*Id.*) The ALJ's July 12, 2011 decision denied Mr. Snoeck's application for benefits. (Doc. 18 at 12-28) Mr. Snoeck timely requested that the Commissioner review the ALJ's decision. (Doc. 14 at 10) The Appeals Council for the Commissioner denied Mr. Snoeck's request for review on March 12, 2012, making the ALJ's decision the Commissioner's final decision. (*Id.* at 6-9)

On April 26, 2012, Mr. Snoeck filed his complaint alleging an inability to work since September 3, 2009. (*Id.* at 610-613) On February 21, 2013, the district court affirmed the ALJ's decision denying Mr. Snoeck's claim and granted summary judgment to the Commissioner. (*Id.* at 617-618) Mr. Snoeck filed a notice of appeal on April 18, 2013. (Doc. 27 in 12-cv-00031)

Dr. Moler is Mr. Snoeck's treating physician. On April 27, 2011, Dr. Moler expressed the uncontroverted opinion that Mr. Snoeck was limited to working 20 hours per week. (Doc. 14 at 469) The ALJ rejected Dr. Moler's opinion in determining that Mr. Snoeck was not disabled. (Doc. 18 at 25)

In *Snoeck v. Colvin*, No. 12-35327 (September 9, 2014), the Ninth Circuit

2

Court of Appeals concluded that the ALJ's reasons for rejecting Dr. Moler's opinion were legally insufficient, reversed the district court's order granting summary judgment in favor of the Commissioner, and remanded the action to the district court with instructions to remand Mr. Snoeck's claim "to the ALJ for further proceedings taking into account the treating doctor's statement limiting Snoeck to working 20 hours per week." (Doc. 14 at 619-622) The Ninth Circuit Court of Appeals further ordered that the "ALJ should also reconsider other issues that may be affected by the ALJ's error, including (1) whether Snoeck's allegation that he cannot work more than 20 hours per week due to pain and/or bipolar symptoms is credible; (2) whether Dr. Robert Bateen's findings that Snoeck is moderately limited in his ability to complete a normal weekday and workweek without interruptions is consistent with the medical evidence; and (3) whether the hypothetical question presented to the vocational expert included all of Snoeck's limitations." (*Id.*)

The district court remanded Mr. Snoeck's claim to the Commissioner on November 14, 2014. (*Id.* at 624-625) The ALJ held a second hearing on July 15, 2015. (*Id.* at 881-918) The ALJ issued his second decision denying Mr. Snoeck's applications for benefits on July 28, 2015. (*Id.* at 565-580) Mr. Snoeck timely requested that the Commissioner review the ALJ's decision and on September 16,

2016, the Appeals Council for the Commissioner denied Mr. Snoeck's request for review making the ALJ's decision the Commissioner's final decision. (*Id.* 558-561)

Mr. Snoeck timely filed a complaint on November 14, 2016, seeking judicial review of the Commissioner's decision.  (Doc. 1)  The Court has jurisdiction over this action under 42 U.S.C. § 405(g).  The parties consented to the undersigned conducting all further proceedings in this action. (Doc. 8)  The Great Falls Division of the District of Montana is the proper venue for this action because Mr. Snoeck resides in Toole County, Montana. (Doc. 1 at 2); 42 U.S.C. 405(g); Local Rule 1.2(c)(2).

Mr. Snoeck filed an opening brief on April 27, 2017, requesting that the Court reverse the Commissioner's decision and remand for an immediate award of benefits or, in the alternative, remand for a further hearing. (Doc. 16.) The Commissioner filed a response brief on May 24, 2017, requesting that the Court affirm her decision.  (Doc. 17)  Mr. Snoeck filed a reply brief on June 7, 2017. (Doc. 19)  The motion is ripe for decision.

Mr. Snoeck filed subsequent applications for disability insurance benefits and supplemental security income on March 11, 2013, and the Commissioner determined that he was disabled beginning September 25, 2012.  (Doc. 14 at 565)

4

Therefore, the focus of the ALJ's inquiry at the July 15, 2015 hearing was whether Mr. Snoeck was disabled from September 20, 2009, the alleged onset date in his initial applications for disability insurance benefits and supplemental security income, to September 24, 2012. (*Id.*)

Mr. Snoeck was born on August 29, 1961. (*Id.* at 61)  He was 48 years old when he filed his original applications for benefits on September 9, 2009.  He is currently 55 years old.

## II.   STANDARD OF REVIEW

The Court's review is limited.  The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).  Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Hum. Services*, 846 F.2d 573, 576 (9th Cir. 1988).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d

1152, 1156 (9th Cir. 2001). This Court must uphold the Commissioner's findings "if supported by inferences reasonably drawn from the record." *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[I]f evidence exists to support more than one rational interpretation," the Court "must defer to the Commissioner's decision." *Batson*, 359 F.3d at 1193 (citing *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)). This Court "may not substitute its judgment for that of the Commissioner." *Widmark*, 454 F.3d at 1070 (quoting *Edlund*, 253 F.3d at 1156).Where evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. *Thomas v. Barhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. *Green v. Sheckler*, 803 F.2d 528, 530 (9th Cir. 1986). The Court may reject the findings not supported by the record, but it may not substitute its findings for those of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

### III.  BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a

"medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months"; and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

The Commissioner's regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five. *Id.* at 954. The five steps of the inquiry are:

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20

C.F.R. §§ 404.1520(d), 416.920(d).

4.      Is the claimant able to do any work that he or she has done in the past?
        If so, the claimant is not disabled.  If not, proceed to step five.  *See* 20
        C.F.R. §§ 404.1520(e), 416.920(e).

5.      Is the claimant able to do any other work?  If so, the claimant is not
        disabled.  If not, the claimant is disabled.  *See* 20 C.F.R. §§
        404.1520(f), 416.920(f).

*Id*.

## IV.  BACKGROUND

### A.    ALJ's determination

At step one, the ALJ determined that Mr. Snoeck has not engaged in

substantial gainful activity since September 3, 2009, the alleged onset date of his

disability, through September 24, 2012.  (Doc. 14-5 at 568)  At step two, the ALJ

found that Mr. Snoeck has the following severe impairments: bipolar disorder,

primarily depressed; generalized anxiety disorder;  back disorder with chronic

pain; and left shoulder rotator cuff strain. (*Id.* at 568-569).

At step three, the ALJ found that from September 30, 2009, through

September 24, 2012, Mr. Snoeck did not have an impairment, or combination of

impairments, that met or was medically equivalent to one of the listed impairments.

(*Id*. at 569-572)

Before considering step four, the ALJ assessed Mr. Snoeck as having the

residual functional capacity (RFC) to perform sedentary work as defined in 20

C.F.R. § 1567(b) with the following limitations:

> Mr. Snoeck has the ability to sit, stand and walk for an 8-hour period
> of time if given the opportunity to alternate between sitting, standing
> and walking either by changing from one activity to one of the other
> two activities or by taking a short break from the activity for a minute
> or two to stretch or move about and then returning to the activity.  He
> could walk up to 2 hours at one time before having to alternate, stand
> up to 2 hours at one time before having to alternate, and could have a
> combination of walking and standing for at least 4 to 5 hours in an 8-
> hour shift, and could sit for 2 hours at one time before having to
> alternate, and could sit a total of 2 to 6 hours in an 8-hour day.  He
> could lift 20-30 pounds on an occasional basis and 10 pounds or less
> on a frequent basis.

(*Id.* at 572-73)

At step four, the ALJ determined that with his RFC, Mr. Snoeck was not

capable of performing past relevant work as a janitor, cashier, fast food cook,

lumber mill laborer and green chain puller, auto mechanic helper, or mill worker.

(*Id.* at 578).

At step five, the ALJ determined that from September 30, 2009, through

September 24, 2012, considering Mr. Snoeck's age, education, work experience,

and RFC, Mr. Snoeck was capable of making a successful adjustment to other

work that existed in significant numbers in the national economy as a mail clerk,

clothing presser, and office helper, and Mr. Snoeck was therefore not disabled

during this period of time. (*Id.* at 579-580).

9

**B.      Mr. Snoeck's Position**

Mr. Snoeck argues the Court should reverse the Commissioner's decision

and remand the case to the Commissioner for the immediate award of benefits or

further hearing because:

1.      The ALJ erred in failing to give proper weight to the opinions of Dr.
        Marler, Dr. Clary and Lloyal Kennedy, LCPC.

2.      The ALJ erred in finding his testimony not credible.

3.      The ALJ erred in finding his wife's testimony not credible.

4.      The ALJ erred in failing to incorporate all of his impairments into the
        hypothetical question posed to the vocational expert.

**C.      The Commissioner's Position**

The Commissioner argues that the Court should enter summary judgment in

her favor because:

1.      The ALJ properly discounted Dr. Marler's opinions by providing clear
        and convincing reasons supported by substantial evidence for doing
        so.

2.      The ALJ properly discounted Mr. Snoeck's testimony by providing
        specific, clear and convincing reasons supported by substantial
        evidence for doing so.

3.      The ALJ properly discounted the testimony of Mr. Snoeck's wife and
        Loyal Kennedy, LCPC, by providing germane reasons supported by
        substantial evidence for doing so.

4.      The ALJ properly determined that given Mr. Snoeck's RFC he was

not disabled because substantial evidence supports this determination.

## V.  ANALYSIS

### A.    The ALJ erred by failing to follow the directions of the Appeals Council on remand.

Mr. Snoeck argues the ALJ erred in failing to comply with the district court's order remanding his claim.  (Doc. 16 at 16)

### 1.    Legal standard

Few legal precepts are as firmly established as the doctrine that "the mandate of a higher court is controlling as to matters within its compass."  *Samples v. Colvin*, 103 F.Supp.3d 1227, 1231-1232 (D. Ore. 2015) (citing  *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939). It is indisputable that a lower court generally is "bound to carry the mandate of the upper court into execution and [may] not consider the questions which the mandate laid at rest." *Id*. Similarly, under the law of the case doctrine, "[t]he decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *Id.* (citing *United States v. Cote*, 51 F.3d 178, 181 (9th Cir.1995) (quoting *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir.1993) (internal quotations omitted)). Additionally, "as a general principle, the United States Supreme Court has recognized that an administrative agency is bound on remand to apply the legal principles laid down by the reviewing court." *Id.* (citing *Ischay v. Barnhart*, 383 F.Supp.2d 1199,

11

1213–1214 (C.D.Cal. 2005)); *see F.C.C. v. Pottsville Broadcasting Co*., 309 U.S.

134, 145 (1940); *see also United Gas Improvement Co. v. Continental Oil Co*., 381

U.S. 392, 406 (1965) (explaining that the agency must act upon the court's

correction on remand); *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (deviation

from the court's remand order in the subsequent administrative proceedings is itself

legal error, subject to reversal on further judicial review)). In other words, on

remand, the ALJ must follow the specific instructions of the Ninth Circuit Court of

Appeals.

      **2.**    **Analysis**

      The Ninth Circuit Court of Appeals memorandum reversing the district court

with instructions to remand Mr. Snoeck's claim to the ALJ for further proceedings

provides the following:

> We reverse and remand to the district court to remand to
> the ALJ for further proceedings *taking into account the
> treating doctor's statement limiting Snoeck to working 20
> hours per week*. The ALJ should also reconsider other
> issues *that may be affected by the ALJ's error*, including
> (1) whether Snoeck's allegation that he cannot work
> more than 20 hours per week due to pain and/or bipolar
> symptoms is credible; (2) whether Dr. Robert Bateen's
> finding that Snoeck is moderately limited in his ability to
> complete a normal workday and workweek without
> interruptions is consistent with the medical evidence; and
> (3) whether the hypothetical question presented to the
> vocational expert included all of Snoeck's limitations.

(Doc. 14 at 622) (emphasis added)

In compliance with the Ninth Circuit Court of Appeal's instructions, the

district court filed its November 14, 2014 order that provides the following:

> This case is REMANDED the Commissioner of Social
> Security for further action consistent with the United
> States Court of Appeals for the Ninth Circuit's
> Memorandum filed September 9, 2014, and Mandate
> issued November 4, 2014, in this case.

(*Id.* at 624-625)

The Appeals Council's order remanding Mr. Snoeck's case to the ALJ

provides the following:

> Therefore, the Appeals Council vacates the final decision
> of the Commissioner of Social Security and remands this
> case to an Administrative Law Judge for further
> proceedings consistent with the order of the court.

(*Id.* at 628)

The ALJ's July 28, 2015 decision sets forth the following in relation to his

understanding of what the Appeals Council directed him to do in response the

district court's remand order:

> Pursuant to the District Court remand order, the Appeals
> Council has directed the undersigned to *reconsider and
> weight* the medical opinion of treating physician, Charles
> G. Marler, M.D., and to reconsider other issues that may
> be affected by *such reconsideration*, such as: 1) whether
> the claimant's allegations that he cannot work more than
> 20 hours per week due to pain and/or bipolar symptoms

is (sic) credible; 2) whether Dr. Robert Bateen's finding
that the claimant is moderately limited in his ability to
complete a normal workday and workweek without
interruption is consistent with the medical evidence; and
3) whether the hypothetical question presented to the
vocational expert included all of the claimant's
limitations.

(*Id.* at 565) (emphasis added)

Comparing the memorandum from the Ninth Circuit Court of Appeals, the

district court's order remanding Mr. Snoeck's claim to the Commissioner, and the

Appeals Council's order with the ALJ's statement of the direction he believed he

received from the Appeals Council reveals the ALJ's error.  Neither the Ninth

Circuit Court of Appeals' memorandum nor the district court's remand order nor

the Appeals Council's order contains any directive for the ALJ to "reconsider and

weight" Dr. Marler's statement.  The Court determines that by once again rejecting

Dr. Marler's statement the ALJ did not take Dr. Marler's statement into account

and, by failing to do so, the further proceedings the ALJ conducted were contrary

to the memorandum from the Ninth Circuit Court of Appeals, the district court's

order remanding Mr. Snoeck's case, and the Appeals Council's order.

In relation to the credibility of Mr. Snoeck's allegation that he cannot work

more than 20 hours a week due to pain and/or bipolar symptoms, the ALJ

determined this allegation was incredible, but he did so without taking into account

14

Dr. Marler's statement.  (*Id.* at 575-578) Similarly, the ALJ did not take Dr. Marler's statement into account in determining whether Dr. Bateen's finding that Mr. Snoeck is moderately limited in his ability to complete a normal workday and workweek without interruption was consistent with the medical evidence.  Finally, in relation to whether the hypothetical question the ALJ presented to the vocational expert included all of Mr. Snoeck's limitations, the ALJ did not include Dr. Marler's statement limiting Mr. Snoeck to working 20 hours per week in any hypothetical to the vocational expert.  (*Id.* at 910-916)

It is important to note that the ALJ's unilateral decision to "reconsider and weigh" Dr. Marler's statement not only deviated from the Ninth Circuit Court of Appeals' instructions set forth in its memorandum, but it also allowed the ALJ to have a mulligan on remand to find new reasons never before articulated to reject Dr. Marler's statement thereby creating the unfair "heads we win; tails let's play again" system of disability adjudication that the Ninth Circuit Court of Appeals has criticized on numerous occasions.  *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to

15

show that Moisa is not credible any more than Moisa, had he lost, should have an

opportunity for remand and further proceedings to establish his credibility.").

Certainly, had the Ninth Circuit Court of Appeals wanted to grant the ALJ such a

mulligan, it would have instructed that upon remand that ALJ was to "reconsider

and weigh" Dr. Marler's statement.  However, the Ninth Circuit Court of Appeals'

memorandum contained no such instruction.

The ALJ committed legal error when he rejected rather than "taking into

account the doctor's (Dr. Marler's) statement limiting Snoeck to working 20 hours

per week" in violation of the order of remand.

**B.**     **Remand**

**1.**     **Legal standard**

Whether a claim should be remanded for further proceedings or remanded

for the calculation and award of benefits is determined through the application of

the *Varney* rule (sometimes referred to as the "credit-as-true" rule) that has been

distilled into the following three step procedure:

> (1) the ALJ has failed to provide legally sufficient reasons for
> rejecting evidence, whether claimant testimony or medical opinion;
> (2) there are no outstanding issues that must be resolved before a
> determination of disability can be made; and (3) it is clear from the
> record that the ALJ would be required to find the claimant disabled
> were such evidence credited.

*Treichler v. Commissioner of Social Security*, 775 F.3d 1090, 1100-1101 (9th Cir.

2014).

When all three steps are satisfied, a case raises the "rare circumstances" that allow the court to exercise its discretion to depart from the ordinary remand rule. *Id.* Of course, even when those "rare circumstances" are present, "[t]he decision whether to remand a case for additional evidence or simply to award benefits is in [the court's] discretion." *Id.* (citing *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir.1989); *Harman v. Apfel*, 211 F.3d at 1178 (9th Cir. ) (holding that the exercise of authority to remand for benefits "was intended to be discretionary and should be reviewed for abuse of discretion")). Cases are frequently remanded for further proceedings, rather than for benefits. *Id.* (citing *Connett v. Barnhart*, 340 F.3d 871, 874–76 (9th Cir.2003) (citing cases and reaffirming that the reviewing court retains discretion to remand for further proceedings even when the ALJ fails "to assert specific facts or reasons to reject [the claimant]'s testimony")); *see also Garrison*, 759 F.3d at 1021 (noting that a district court retains the flexibility to "remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.")).

### 2.   **Analysis**

The ALJ erroneously failed to take Dr. Morley's statement the Mr. Snoeck is

limited to working 20 hours per week into account.  As a result, there are outstanding issues to be resolved related to (1) whether Mr. Snoeck's allegation that he cannot work more than 20 hours per week is credible when taking Dr. Morley's statement into account; (2) whether Dr. Bateen's finding that Mr. Snoeck is moderately limited in his ability to complete a normal workday and workweek without interruptions is consistent with the medical evidence when taking Dr. Morley's statement into account; AND (3) whether the ALJ's hypothetical question presented to the vocational expert included all of Mr. Snoeck's limitations when taking Dr. Morley's statement into account.

Because of these outstanding issues, Mr. Snoeck's claim should be remanded to the ALJ for further proceedings taking Dr. Marler's statement into account.  The ALJ is specifically instructed to not reevaluate and weigh Dr. Marler's statement.

## VII.  CONCLUSION

The ALJ's determination is based on legal error.

Therefore, the undersigned issues the following:

### ORDER

1.      Mr. Snoeck's Motion for Summary Judgment is GRANTED IN

PART AND DENIED IN PART.

2.      The Commissioner's Motion for Summary Judgment DENIED.

3.      The Commissioner's decision denying benefits to Mr. Snoeck's is

        REVERSED pursuant to sentence four of 42 U.S.C. § 405(g) and Mr.

        Snoeck's claim is REMANDED for additional administrative

        proceedings consistent with this order.

DATED this 26th day of July, 2017.


_____
John Johnston
United States Magistrate Judge